**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENZEL JOHNSON, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-CV-1157 |
| | ) | |
| v. | ) | District Judge Robert J. Colville |
| | ) | Magistrate Judge Maureen P. Kelly |
| SUPERINTENDENT OF SCI FAYETTE *and* | ) | |
| DISTRICT ATTORNEY OF ALLEGHENY | ) | |
| COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, and that a certificate of appealability be denied.

## II. REPORT

Petitioner Denzel Johnson, Sr. ("Petitioner") is a state prisoner currently incarcerated at State Correctional Institution at Fayette ("SCI-Fayette") in LaBelle, Pennsylvania, and formerly incarcerated at State Correctional Institution at Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania.

This action was commenced on July 31, 2025, with receipt of Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1 at 1. Petitioner attacks his conviction in the Court of Common Pleas of Allegheny County, Pennsylvania. Id. See also Docket, Com. v. Johnson, CP-02-CR-53-2016 (C.C.P. Allegheny Cnty.) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0000053-

2016&dnh=%2BZmhnxKAAXkgWGLWXsQLBg%3D%3D (last visited July 13, 2026)). Petitioner neither submitted the required filing fee with his Petition nor moved for leave to proceed *in forma pauperis* ("IFP").

On August 11, 2025, this Court issued a Deficiency Order requiring Petitioner to either pay the required filing fee or properly move for leave to proceed IFP by submitting a copy of a trust fund account statement and a withdrawal authorization form along with an appropriate form motion. ECF No. 3. Petitioner was given a deadline of September 10, 2025, to comply. Id. at 1-2. A copy of the Deficiency Order and blank copies of the forms in question were mailed to Petitioner at SCI-Huntingdon, ECF No. 3 at 2, but this mail was later returned to the Court unclaimed. On October 7, 2025, this Court entered an Order directing that the Deficiency Order of August 11, 2025, and accompanying forms be remailed to Petitioner at his address at SCI-Fayette. ECF No. 4. The Order further extended the deadline for Petitioner's response to the Deficiency Order to November 6, 2025. Id.

On October 21, 2025, Petitioner filed a form motion for leave to proceed IFP accompanied by a withdrawal authorization form, ECF No. 5, but he did not submit a copy of a trust fund account statement as required by the Deficiency Order of August 11, 2025.

On February 4, 2026, this Court issued an Order to Show Cause requiring Petitioner to show why his case should not be dismissed for failure to comply with the Deficiency Order of August 11, 2025, by submitting a copy of a trust fund account statement. ECF No. 6. Petitioner was given a deadline of March 6, 2026, to respond.

On February 23, 2026, Petitioner submitted correspondence to the Court which purported to respond to the Order to Show Cause of February 4, 2026. ECF No. 7. This correspondence was not responsive to the Order to Show Cause, and it appeared to raise civil rights claims unrelated to

the case at hand. Id. at 1.

On February 24, 2026, this Court entered an Order notifying Petitioner that his civil rights claims must be raised in a separate suit in an appropriate court. ECF No. 8. The Order further reminded Petitioner that his trust fund account statement and response to the Order to Show Cause of February 4, 2026, were still outstanding and due by March 6, 2026. Id.

As of the date of this Report and Recommendation, Petitioner still has not cured the deficiency in his Petition as specified in the Deficiency Order of August 11, 2025.

### A. The Petition Should be Dismissed without Prejudice Due to Petitioner's Failure to Prosecute.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action or claim if the plaintiff fails to prosecute or comply with a court order. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

The United States Court of Appeals for the Third Circuit has adopted a six-factor test to assess whether the sanction of dismissal is appropriate when a plaintiff fails to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court should consider: 1) the extent of the party's personal responsibility, 2) any prejudice to the adverse party, 3) any history of dilatoriness, 4) whether the party's or attorney's conduct was willful or in bad faith, 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and 6) the merits of the underlying claim. Id. at 868. No single factor is dispositive, and not all factors must be satisfied to justify dismissal for lack of prosecution. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019).

Application of the Poulis factors is appropriate in the context of habeas cases as well as to civil rights actions. Harlacher v. Pa., No. 10-0267, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12, 2010), report and recommendation adopted, 2010 WL 1445552 (M.D. Pa. Apr. 9, 2010) (applying Poulis to a habeas case).

The six Poulis factors are now considered in turn.

1. The extent of the party's personal responsibility

Petitioner is proceeding in this matter *pro se*, and he is solely responsible for his filings and for complying with the Court's orders.

2. Prejudice to the adverse party

No adverse party has yet been served with the Petition, and there is no evidence that Petitioner's conduct has unfairly prejudiced any respondent.

3. History of dilatoriness

Petitioner has failed to submit any filing which is responsive to the Order to Show Cause of February 4, 2026, and he still has not submitted the required filing fee or properly moved to proceed IFP. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely fashion.

4. Whether the party's or attorney's conduct was willful or in bad faith

There is no evidence on the record that Petitioner's conduct has been the result of any "excusable neglect," Poulis, supra. The conclusion that this failure is willful is inescapable.

5. Alternative sanctions

Petitioner is currently proceeding *pro se.* There is no indication on the record that alternative sanctions, such as monetary sanctions, would be effective.

6. Merits of the underlying claim

Petitioner has already brought a habeas petition pursuant to § 2254 before this Court at Civil Action No. 2:23-CV-0881, challenging the same underlying conviction. This Court dismissed that earlier petition as time-barred. Johnson v. Superintendent of SCI Huntingdon, No. 23-881, 2024 WL 3677598 (W.D. Pa. Aug. 6, 2024). The present Petition raises grounds for relief that attack the same conviction on the merits, and it is therefore "second or successive" according to the meaning of 28 U.S.C. § 2244(b)(3). Thus, Petitioner must obtain an order from the United States Court of Appeals for the Third Circuit before bringing a second or successive § 2254 petition before this Court. The record does not reflect that he has done so. This Court is therefore without jurisdiction to grant Petitioner the relief he seeks.

Thus, five of the six factors clearly weigh against Petitioner, and they support dismissal as an appropriate sanction when considered together.

### B. To the Extent that One is Applicable, a Certificate of Appealability Should be Denied.

A certificate of appealability should be denied, as jurists of reason could not find the foregoing debatable. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

## III. CONCLUSION

Based on the reasons set forth above, it is respectfully recommended that this case be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219.

Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: July 13, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert J. Colville
United States District Judge

Denzel Johnson, Sr.
MS-7487
SCI-Fayette
50 Overlook Drive
LaBelle, PA 15450